**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| James Wade Arnold,<br><br>    Petitioner,<br><br>v.<br><br>United States of America,<br><br>    Respondent. | NO. CV-16-01839-PHX-SMM<br>      CR-97-00176-001-SMM<br><br>**MEMORANDUM OF DECISION AND ORDER** |

      Pending before the Court is Movant James Wade Arnold's Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255; or, in the Alternative, Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (the "Motion"). (Doc. 1). The matter was referred to Magistrate Judge Deborah M. Fine for a Report and Recommendation ("R&R"). (Doc. 51). On January 20, 2022, the Magistrate Judge filed an R&R with this Court, recommending that the Motion be granted in part and denied in part, without an evidentiary hearing. (Doc. 66). Specifically, the Magistrate Judge recommended that Movant be granted habeas relief under Ground One, his lifetime sentence under 18 U.S.C. § 3559(c) be vacated, and that Movant be resentenced pursuant to 18 U.S.C. § 3559(c)(7). (Id.) Additionally, the Magistrate Judge recommended denying relief and a certificate of appealability on Grounds Two and Three. (Id.) On February 18, 2022, Movant and the Government each filed an Objection to the R&R, (Docs. 69, 70), and both parties filed a Reply to the other's Objection. (Docs. 71, 72). Additionally, both parties submitted supplemental authority in support of their objections and responses. (Doc. 73, 74). After

considering the R&R and the arguments raised in the Objections and other filings, the Court now issues the following ruling.

I.  **STANDARD OF REVIEW**

When reviewing a Magistrate Judge's Report and Recommendation, this Court "shall make a de novo determination of those portions of the report . . . to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C.§ 636(b)(1).

At the same time, however, the relevant provision of the Federal Magistrates Act, 28 U.S.C. § 636(b)(1)(C), "does not on its face require any review at all . . . of any issue that is not the subject of an objection." Thomas v. Arn, 474 U.S. 140, 149 (1985); see also Wang v. Masaitis, 416 F.3d 992, 1000 n.13 (9th Cir. 2005) ("Of course, de novo review of a R & R is only required when an objection is made to the R & R."). Likewise, it is well-settled that "failure to object to a magistrate judge's factual findings waives the right to challenge those findings," Bastidas v. Chappell, 791 F.3d 1155, 1159 (9th Cir. 2015) (quoting Miranda v. Anchondo, 684 F.3d 844, 848 (9th Cir. 2012)), as Magistrate Judge Fine advised the parties herein.

Finally, "[a]lthough the Ninth Circuit has not yet ruled on the matter, other circuits and district courts within the Ninth Circuit have held when a petitioner raises a general objection to an R & R, rather than specific objections, the Court is relieved of any obligation to review it." Martin v. Ryan, 2014 WL 5432133, at *2 (D. Ariz. Oct. 24, 2014) (citing Warling v. Ryan, 2013 WL 5276367, at *2 (D. Ariz. Sept. 19, 2013); Guiterrez v. Flannican, 2006 WL 2816599, at *5 (D. Ariz. Sept. 29, 2006); Lockert v. Faulkner, 843 F.2d 1015, 1019 (7th Cir. 1988); Howard v. Sec. of Health and Hum. Servs., 932 F.2d 505, 509 (6th Cir. 1991); United States v. One Parcel of Real Prop., 73 F.3d 1057, 1060 (10th Cir. 1996)).

II.  **BACKGROUND**

In May 1997, an indictment was filed charging Movant with one count of bank robbery in violation of 18 U.S.C. § 2113(a) and one count of use of a firearm in a crime of

violence in violation of 18 U.S.C. § 924(c). (Doc. 66 at 3). In June 1997, the Respondent filed an information stating that if the Movant were convicted of these charges, Respondent would use two prior convictions to enhance the Movant's sentence to mandatory life imprisonment under 18 U.S.C. § 3559(c), also known as the "three strikes" provision. (Doc. 66 at 4). The prior convictions included a state conviction for second-degree murder in violation of the now repealed Arizona Revised Statutes ("A.R.S") § 13-451, -452, -453, and a federal conviction for armed bank robbery. (Doc. 32 at 3). In August 1997, a Superseding Indictment was filed against Movant, charging him with two counts of bank robbery in violation of 18 U.S.C. § 2113(a) and two counts of use of a firearm in a crime of violence (the bank robbery) in violation of 18 U.S.C. § 924(c). (Doc. 1 at 2). After a jury trial, Movant was convicted of all four counts. (Id.)

Prior to sentencing, Movant filed a motion to strike the information seeking to enhance his punishment under 18 U.S.C. § 3559(c), arguing that his prior federal conviction for armed bank robbery did not constitute a "serious violent felony" because the pellet gun that was used in the robbery did not qualify as a firearm or dangerous weapon. (Doc. 32 at 3, 7). However, Movant did not contest the applicability of his second-degree murder conviction. (Id. at 3). The Movant's motion to strike was denied because the court found that the use of a pellet gun constituted a dangerous weapon, and his federal armed bank robbery conviction was deemed a serious violent felony. (Id. at 3-4, 7).

The district court imposed a mandatory life sentence on the Movant pursuant to 18 U.S.C. § 3559(c), a mandatory 25-year sentence under 18 U.S.C. § 924(c), and designated Movant as a career offender under the United States Sentencing Guidelines ("U.S.S.G") § 4B1.1 based on his 1997 bank robberies and prior convictions for second-degree murder and federal armed bank robbery. (Doc. 66 at 4). Movant filed a direct appeal in the Ninth Circuit, alleging error based on evidentiary grounds. (Doc. 32 at 4). The Ninth Circuit affirmed Movant's conviction and sentence. (Id.)

On June 9, 2016, Movant filed a Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255; or, in the Alternative, Petition for a Writ of Habeas Corpus

Pursuant to 28 U.S.C. § 2241. (Doc. 1). Regarding his § 2255 motion, Movant raises three grounds for relief: (1) his life sentence must be vacated in light of Johnson v. United States, 576 U.S. 591 (2015) because his prior Arizona second-degree murder conviction is no longer a "serious violent felony" under 18 U.S.C. § 3559(c); (2) his § 924(c) convictions based on the bank robberies must be vacated under Johnson because bank robbery cannot qualify as a crime of violence under 18 U.S.C. § 2113(a); and (3) his career offender designation under U.S.S.G. § 4B1.1 is improper after Johnson. (Doc. 1). In the alternative, Movant seeks relief under his § 2241 motion because Movant is actually "innocent of the bank robbery crimes, as 'aggravated' by section 3559(c)(1)." (Id.)

The Magistrate Judge issued an R&R reviewing the merits of Movant's arguments. (Doc. 66). On Ground One, the Magistrate Judge recommends that Movant's prior conviction for second degree murder does not qualify as a serious violent felony under § 3559(c)(2)(F)(ii) and the record does not indicate that the Court did not rely on the residual clause of the statute. (Id. at 12). Specifically, the Magistrate Judge found that Arizona's then-current second-degree murder statutes penalized merely reckless conduct, which is not covered under the force or enumerated clauses of § 3559(c). (Id. at 21). Additionally, since the record was unclear whether the court relied on the residual clause, the rule in Johnson applies, which marks unconstitutionally vague residual clauses void. (Id. at 24). Finally, the Magistrate Judge recommends Movant's life sentence be vacated and that Movant be resentenced under § 3559(c). (Id. at 24-25).

Next, under Ground Two, the Magistrate Judge recommends that Movant's § 924(c) sentence should not be vacated because armed bank robbery is categorically a crime of violence. (Id. at 30). The Magistrate Judge also stated that even if those counts were to be resentenced, the First Step Act ("FSA") would not apply. (Id. at 31).

Third, under Ground Three, the Magistrate Judge recommends that Movant's career offender designation under § 4B1.1 remains because Johnson's reasoning does not apply to sentencing guidelines and the claim is untimely. (Id. at 34).

After the R&R issued, Movant filed an Objection. (Doc. 69). First, Movant argues

that the § 3559(c) claim should be resentenced under § 2255(b), not § 3559(c)(7). (Id. at 1). Second, Movant states that resentencing is merited on the § 924(c) claim as well, due to the sentencing package doctrine and the FSA. (Id. at 2). Movant also claims that relief or a Certificate of Appealability should be granted because the jury instructions given in Movant's 1997 bank robbery trial were flawed and overbroad. (Id. at 5). Third, Movant objects to the Magistrate Judge's recommendation on the career offender designation but also states that the issue can instead be addressed at resentencing.

The Government also filed an Objection, arguing that Movant's prior Arizona second-degree murder charge is not a serious violent felony under § 3559(c). (Doc. 70). The Government claims that Arizona second-degree murder can fall under the statute in the enumerated offenses clause or the force clause. (Id. at 2-3). Further, the Government argues that the R&R misconstrues generic murder and misapplies the categorical approach. (Id. at 3).

## III.   DISCUSSION

Upon review of the R&R and the subsequent objections and responses, the Court hereby incorporates and adopts in part and declines to adopt in part the R&R. First, the Court adopts the Magistrate Judge's determination that Movant's claims are excused from procedural default because Movant has shown both cause and prejudice and actual innocence.[1] Second, the Court adopts the recommendation to grant habeas relief under Ground One, vacating the Movant's life sentence under 18 U.S.C. § 3559(c)(7). However, the Court concludes that the Movant should be resentenced under § 2255, contrary to the recommended resentencing under § 3559(c)(7). Third, the Court adopts the Magistrate Judge's conclusion on Ground Two that Movant's § 924(c) convictions constitute crimes of violence. However, the § 924(c) convictions should be resentenced pursuant to the sentencing package doctrine and the FSA. Finally, because the Court will grant habeas relief on the § 3559(c) claim, the Court will not address Ground Three because Plaintiff's career offender status should be decided at resentencing.

---

[1] The parties did not object to this issue, so the Court will not conduct a de novo review.

**A.      Ground One: Movant's prior conviction for second-degree murder does not qualify as a serious violent felony under 18 U.S.C. § 3559(c)(2)(F)(ii); therefore, Movant's life sentence should be vacated.**

The Court agrees with the Magistrate Judge's determination that, under applicable law when the Movant was convicted of second-degree murder, his offense did not amount to a serious violent felony under § 3559(c). Under the "three strikes" federal statute, mandatory life imprisonment must be imposed on a person who is convicted of serious violent felony if that person had been convicted on separate prior occasions of two "or more serious violent felonies, or one or more serious violent felonies and one or more serious drug offenses." 18 U.S.C. § 3559(c)(1).

Both parties agree that to determine whether Movant's second-degree murder charge qualifies as a serious violent felony, the Court must use the categorical approach. See Taylor v. United States, 495 U.S. 575, 600-01 (1990). Under the categorical approach, a conviction qualifies as a predicate offense only if the controlling state statute of the offense is the same, or narrower, than that of the "generic" offense. Mathis v. United States, 579 U.S. 500, 503 (2016). This requires the Court to look to the elements of an offense, rather than underlying facts. United States v. Dominguez-Maroyoqui, 748 F.3d 918, 920 (9th Cir. 2014). Stated differently, if a state statute underlying a conviction "sweeps more broadly than the generic crime," the conviction under that law cannot count as predicate offense for sentence enhancement, even if the defendant did commit the offense under the generic form. United States v. Garcia-Jimenez, 807 F.3d 1079, 1084 (9th Cir. 2015) (quoting United States v. Marcia-Acosta, 780 F.3d 1244, 1248 (9th Cir. 2015)).

At the time of the 1997 bank robberies, a serious violent felony constituted:

> (i) a Federal or State offense, by whatever designation and wherever committed, consisting of murder (as described in section 1111); manslaughter other than involuntary manslaughter (as described in section 1112); . . . robbery (as described in section 2111, 2113, or 2118); . . . or attempt, conspiracy, or solicitation to commit any of the above offenses, and

> (ii) any other offense punishable by a maximum term of imprisonment of 10 years or more that has as an element the use, attempted use, or threatened use of physical force against the person of another or that, by its nature, involves a substantial risk that physical force against the person of another may be used in the course of committing the offense.

18 U.S.C. § 3559(c)(2)(F) (1994). Courts analyze this definition by splitting it into three different clauses: the enumerated offense clause, subsection (i); the force clause, the first half of subsection (ii); and the residual clause, the last half of subsection (ii).

The residual clause defines an offense as a serious violent felony if it "by its nature, involves a substantial risk that physical force against the person of another may be used in the course of committing the offense." § 3559(c)(2)(F)(ii). In United States v. Davis, 139 S. Ct. 2319, 2336 (2019), the Supreme Court found a nearly identical residual clause in § 18 U.S.C. 924(c)(3)(B) void for vagueness. Thus, the Government concedes here that the residual clause in § 3559(c)(2)(F)(ii) is also void for vagueness. (Doc. 64 at 2).

The force clause of § 3559(c)(2)(F)(ii), which defines a serious violent felony as an offense that "has as an element the use, attempted use, or threatened use of physical force against the person of another," requires intentional use of force that necessitates finding a mens rea of greater than ordinary recklessness. See United States v. Dixon, 805 F.3d 1193, 1197 (9th Cir. 2015) (addressing the force clause in § 924(e)(2)(B)(i)).

The enumerated offenses clause, § 3559(c)(2)(F)(i), lists murder as a serious violent felony and characterizes murder "as described in section 1111" which defines the term as "unlawful killing of a human being with malice aforethought." Under federal law, malice aforethought embraces a state of mind of "which one intentionally commits a wrongful act without legal justification." United States v. Celestine, 510 F.2d 457, 459 (9th Cir. 1975). At minimum, malice aforethought requires at least a mens rea of "reckless[] with extreme disregard for human life." United States v. Houser, 130 F.3d 867, 872 (9th Cir. 1997). Thus, if the reckless conduct lacks an "extreme nature," there is no malice aforethought, and the defendant may only be convicted of manslaughter—not murder. United States v. Lesina, 833 F.2d 156, 159 (9th Cir. 1987).

### 1. Former Arizona Statutes

The Court now looks to Arizona law to determine whether the statutes under which Movant was convicted "sweep more broadly" than the generic crime. The Court agrees with the Magistrate Judge and finds that the statutes do "sweep more broadly" because the

federal definition of murder included a mens rea that is narrower than Arizona's former statutes.

Former A.R.S. § 13-451(A) defined "murder" as unlawful killing with malice aforethought. Former A.R.S. § 13-451(B) defined "malice aforethought" as either express or implied. Express malice arises when there is a deliberate intention to unlawfully take away life of a fellow creature and implied malice occurs when no provocation appears or circumstances around the killing "show an abandoned and malignant heart." A.R.S. § 13-451(B), repealed by 1977 Ariz. Sess. Laws ch. 142, § 15 (1st Reg. Sess.); State v. Mincey, 687 P.2d 1180, 1189-90 (1984). Arizona courts, at the time of Movant's conviction, had determined that instructions to a jury to find implied malice if the defendant "shows a reckless disregard for human life" were acceptable in defining what constitutes murder. State v. Kelly, 543 P.2d 780, 781 (Ariz. 1975); State v. Childs, 553 P.2d 1192, 1195 (Ariz. 1976); State v. Thomas, 540 P.2d 1242, 1243 (Ariz. 1975). Additionally, the Arizona Supreme Court described that the "malignant heart" standard of former § 13-451(B) is satisfied by a showing of "wanton disregard for human life." Thomas, 540 P.2d at 1243. Further, the court stated that it found no significant difference between the terms "wanton" and "reckless." Id.

The Arizona statutes allowed a mens rea of ordinary recklessness for second-degree murder, but federal law required at least extreme recklessness. Thus, the former Arizona statutes "sweep more broadly" than that of the federal statute.

The Government, in its Objection to the R&R on Ground One, argues that (1) the "abandoned and malignant heart" standard does not distinguish Arizona murder from generic murder or § 1111 (Doc. 70 at 3); (2) the phrase, "wanton disregard for human life" is used to describe generic murder and federal murder (Id. at 3-4); and (3) Arizona finding "no significant difference" between "wanton" and "reckless" does not necessarily mean that ordinary recklessness was sufficient as the mens rea for murder (Id. at 5).

Each of these objections is unfounded. First, the Government relies on the Model Penal Code, common law, and Black's Law Dictionary to establish the generic definition

of murder in categorical analysis. (Doc. 70 at 3-4). However, the proper inquiry as to the federal generic definition of murder is in the statute itself. See Garcia-Jimenez, 807 F.3d at 1086 (explaining that "the Model Penal Code, while a helpful tool in the categorical analysis, does not dictate the federal generic definition of a crime"). As stated above, § 1111 defines murder as "unlawful killing of a human being with malice aforethought." And as the above-cited caselaw indicates, malice aforethought was defined as more than ordinary recklessness under federal law.

Additionally, Arizona cases indicate that the "abandoned and malignant heart" standard in Arizona was satisfied by recklessness. The Government's citations to non-Arizona authority do not overcome the definition of the malignant heart standard in Arizona case law. See Johnson v. United States, 559 U.S. 133, 138 (2010) (explaining that federal courts are bound by a state supreme court's "interpretation of state law").

Second, the Government claims that "wanton disregard for human life" is used in both the federal context and Arizona context in a similar fashion. (Doc. 70 at 4). The Ninth Circuit has "variously defined malice aforethought" with "flowery descriptions" that do not specifically describe its literal meaning. Pineda-Doval, 614 F.3d 1019, 1037-38 (9th Cir. 2010); see, e.g., Lesina, 833 F.2d at 159 (describing malice aforethought as "extreme indifference to the value of human life"); Celestine, 510 F.2d at 459 (describing malice aforethought as "a wanton and depraved spirit, a mind bent on evil mischief without regard to its consequences"). In an attempt to clarify, the Ninth Circuit in Pineda-Doval explained that the difference between gross negligence and malice aforethought lies in the degree. 614 F.3d at 1039. Both may be satisfied by a "wanton disregard for human life," but malice aforethought requires that finding to be "extreme." Id. In Arizona cases decided around the same time as the Movant's conviction, malice aforethought is repeatedly referred to as "reckless disregard for human life." Thomas, 540 P.2d at 1243; Kelly, 543 P.2d at 781; Childs, 553 P.2d at 1195. Although both the federal and state courts may refer to "wanton disregard for human life," their applications and definitions are different.

Third, the Government cites to Thomas, Kelly and Childs, claiming that these courts

apparently did not mean to cover ordinary recklessness when they used the term "reckless." However, the Government does not explain the basis of this claim, and instead explains how gross negligence is insufficient to satisfy the Arizona statutory standard of murder at the time of the Movant's conviction. The Government also cites to a First Circuit case, United States v. Baez-Martinez, 950 F.3d 119 (1st Cir. 2020), to compare a former Puerto Rico statute to the former Arizona statutes at issue. In Baez-Martinez, the court rejected an argument that ordinary recklessness satisfies the malice aforethought element in the former Puerto Rico second-degree murder statute and upheld a conviction of second-degree murder as a violent felony under § 3559(c)'s force clause. Id. at 129. However, with the lack of connection to the former Arizona statutes at issue in this case, this Court fails to see how Baez-Martinez is persuasive.

Finally, the Government reported a supplemental authority, United States v. Begay, 33 F.4th 1081, 1093 (9th Cir. 2022) (en banc), and the Government argued that in order to commit murder under 18 U.S.C. § 1111, the mens rea must be higher than ordinary recklessness. Specifically, the Government states that second-degree murder constitutes a crime of violence under § 924(c) because "murder is the unlawful killing of malice aforethought . . . and to kill with malice aforethought means to kill deliberately or recklessly with extreme disregard for human life." Begay, 33 F.4th at 1093. However, this argument is irrelevant because it only supports the heightened level of mens rea at the federal level and makes no mention of the relied upon Arizona law.

For the reasons set forth above, there are no applicable grounds to designate Movant's conviction as a serious violent felony under § 3559(c), and this sentence must be vacated. However, unlike the Magistrate's recommendation, resentencing is warranted under § 2255(b) instead of 3559(c)(7). First, Movant filed a § 2255 motion and did not request resentencing under § 3559(c)(7). Second, § 3559(c)(7) applies when a prior conviction for a serious violent felony or serious drug offense that was a basis for sentencing is found "to be unconstitutional or is vitiated on the explicit basis of innocence, or if the person is pardoned on the explicit basis of innocence." 18 U.S.C. § 3559(c)(7).

Movant's predicate conviction was not found to be unconstitutional nor has the Court granted relief on the basis of innocence. Both parties agree to this reasoning and state that resentencing should be under § 2255(b).

**B.   Ground Two: Bank robbery is a crime of violence, but Movant will be resentenced, and the First Step Act will apply at resentencing.**

The R&R determined that Movant's bank robbery charges categorically constitute a crime of violence under § 924(c) and should not be resentenced. Movant argues that even if the § 924(c) charges constitute a crime of violence, they should nevertheless be resentenced due to the sentencing package doctrine and the FSA. The Government agrees with the Magistrate Judge's conclusions that the § 924(c) convictions should constitute categorically constitute a crime of violence. However, the Government agrees with Movant that the § 924(c) convictions should be resentenced if Movant's life sentence is vacated.

**1. Crime of Violence**

Movant was convicted of two counts of bank robbery under 18 U.S.C. § 2113(a) and two counts of use of a firearm under 18 U.S.C. § 924(c) and sentenced pursuant to 18 U.S.C. § 924(c). The Government does not dispute that § 924(c)(3)(B), the residual clause, is void for vagueness and thus inapplicable to Movant following the decision in Davis. (Doc. 64 at 2). The force clause, § 924(c)(3)(A), defines a crime of violence as having "as an element the use, attempted use, or threatened use of physical force against the person or property of another." In order to qualify as a crime of violence under the force clause, the element of "physical force" requires violent physical force, meaning force "capable of causing physical pain or injury." United States v. Watson, 881 F.3d 782, 784 (9th Cir. 2018) (quoting Johnson, 559 U.S. at 140). Movant was convicted under § 2113(a), which states:

> Whoever, by force and violence, or by intimidation, takes or attempts to take, from the person or presence of another, or obtains or attempts to obtain by extortion any property or money or any other thing of value belonging to, or in the care, custody, control, management, or possession of, any bank, credit union, or any savings and loan association… shall be fined under this title or imprisoned not more than twenty years, or both.

The Court agrees with the Magistrate Judge and finds that armed bank robbery qualifies as a crime of violence under § 924(c)(3). (Doc. 66 at 25). In applying the categorical approach to classify prior offenses, courts only examine if "elements of the crime of conviction sufficiently match the elements" of the generic offense and ignore the underlying facts of the case. Mathis, 579 U.S. at 504. In contrast, the modified categorical approach, applied when the prior conviction falls under a divisible statute, allows a court to reference a limited group of documents such as indictments and jury instructions. Descamps, 570 U.S. at 257. The modified categorical approach is only to be applied when necessary to determine one of "the elements of the crime of conviction when a statute's disjunctive phrasing renders one (or more) of them opaque." Mathis, 579 U.S. at 513.

In Watson, the Ninth Circuit applied the categorical approach and held that armed robbery, as stated in § 2113(a) and (d), qualifies as a crime of violence under § 924(c)(3)(A). 881 F.3d at 786. The Watson court rejected the defendants' argument that intimidation does not meet the mens rea requirement for a crime of violence because the Government must only prove general intent, that the defendant "possessed knowledge with respect to the . . . taking of property of another by force and violence or intimidation." Id. at 785 (quoting Carter v. United States, 530 U.S. 255, 268 (2000)).

Movant argues in his Objection that the 1997 jury instruction language given at his bank robbery trial was inadequate and allowed the jury to convict Movant on mere negligent intimidation, as opposed to the required knowing use of intimidation. (Doc. 69 at 5). Movant's argument rests on examining the jury instruction, which is an underlying fact of the case that is only reviewed under the modified categorical approach. But Movant does not argue that § 2113 is divisible or offer any other argument as to why the modified categorical approach should apply. Thus, the categorical approach is applied, limiting the Court to reviewing the elements in the statute.

Additionally, the Court agrees with the Magistrate Judge that Movant's argument is foreclosed by Watson, in which the court addressed a negligent intimidation argument in its categorical approach analysis and rejected it, 881 F.3d at 785.

### 2. Resentencing

Despite the determination that Movant's bank robberies qualify as crimes of violence under § 924(c)(3)(A), Movant must still be resentenced on those counts due to the sentencing package doctrine and the First Step Act. Resentencing a defendant's entire sentence when one or more conviction is determined to be invalid is discretionary. Troiano v. United States, 918 F.3d 1082, 1086-87 (9th Cir. 2019). However, when a court vacates some counts of a conviction, it is usual practice to vacate the entire sentence and remand for resentencing. United States v. Christensen, 828 F.3d 763, 821 (9th Cir. 2016). This is typically referred to as "unbundling" and gives district courts the authority to "package" a new sentence that reflects a deserved punishment for the defendants' crimes of which they are still convicted. United States v. Avila-Anguiano, 609 F.3d 1046, 1049 (9th Cir. 2010) (citing Ruiz-Alvarez, 211 F.3d 1181, 1184 (9th Cir. 2000)). Resentencing on entire bundles is often warranted, as convictions on certain counts may have affected the other counts. Id.

Here, both parties concur that if relief is granted on the § 3559(c) conviction, then resentencing is merited on Movant's remaining convictions due to the sentencing package doctrine. Movant was sentenced under § 3559(c) and § 924(c) concurrently and the vacation of his life term under § 3559(c) "unbundles" his package, warranting a full resentencing on all four counts.

Next, the Magistrate Judge determined that the FSA would not apply at resentencing. However, after the Magistrate Judge filed the R&R, the Ninth Circuit addressed the issue and held that "the First Step Act applies when sentences imposed before the Act's passage are vacated and defendants are resentenced after the Act's passage." United States v. Merrell, 37 F.4th 571, 573 (9th Cir. 2022) (remanding the case for resentencing pursuant to the FSA after the district court granted § 2255 relief and vacated the original convictions). Thus, the FSA should be applied on Movant's resentencing.

**C. Ground 3: Movant's Career Offender designation will be addressed at resentencing.**

Because the Court has determined that Movant's § 3559(c) conviction should be

vacated and Movant should be resentenced, Ground 3 is no longer necessary to discuss. Career Offender status will be readdressed at resentencing.

## IV.   EVIDENTIARY HEARING

When reviewing a § 2255 petition, a district court shall hold an evidentiary hearing "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." § 2255. The facts needed to rule on the petition are included in the briefs and the parties do not dispute any facts in the case. Therefore, the Court agrees with the Magistrate Judge's determination that there is no need for an evidentiary hearing.

## V.   CERTIFICATE OF APPEALABILITY

When a district court enters a judgment adverse to the petitioner in a § 2255 proceeding, it must either issue or deny a certificate of appealability. 28 U.S.C § 2253(c)(1)(A). A certificate of appealability is warranted only where a petitioner makes "a substantial showing of the denial of a constitutional right." Miller-El v. Cockrell, 537 U.S. 322, 327 (2003) (quoting § 2253(c)(2)). Under this standard, a movant must show that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 483-84 (2000) (citation and internal quotation marks omitted).

Here, the Court agrees with the Magistrate Judge's determination that a certificate of appealability on Grounds 2 and 3 should be denied.

## VI.   CONCLUSION

For the reasons provided above, the Court concludes that the Movant's second-degree murder charge cannot qualify as a predicate offense, or a "strike," under § 3559(c) because it does not qualify under the enumerated offenses or force clauses. Additionally, the offense cannot qualify under the residual clause because the clause is void for vagueness. Because there are no longer two prior serious violent felonies under § 3559(c) to support the Movant's lifetime sentence, Movant is entitled to relief on Ground 1 of the

Motion under § 2255(a). Additionally, because the Movant's § 924(c) sentences were sentenced concurrently with his lifetime sentence under § 3559(c), he is entitled to resentencing on Ground 2 pursuant to the sentencing package doctrine and the FSA. Finally, Movant's career offender status will be readdressed at resentencing.

Accordingly,

**IT IS HEREBY ORDERED** that the Court **adopts in part** and **declines to adopt in part** the Report and Recommendation. (Doc. 66).

**IT IS FURTHER ORDERED** that Movant's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 **be granted in part and denied in part as set forth herein**, without an evidentiary hearing.

**IT IS FURTHER ORDERED** that Movant be **granted habeas relief** under Ground 1, **granted-in part** habeas relief under Ground 2, his life sentences under 18 U.S.C. § 3559(c) be vacated, his 25-year sentence under 18 U.S.C. § 924(c) be vacated, and that the Movant be resentenced under § 2255.

**IT IS FURTHER ORDERED** that relief under Movant's Ground 3 be **denied** for the reasons set forth above.

**IT IS FURTHER ORDERED** that a Certificate of Appealability be **denied** regarding Movant's Grounds 2 and 3 claims for the reasons set forth above.

**IT IS FURTHER ORDERED** setting resentencing for § 3559(c) conviction and the 924(c) convictions. The Court will issue a future order setting the hearing.

**IT IS FURTHER ORDERED directing** the Clerk of the Court to enter judgment accordingly and terminate this civil case.

Dated this 28th day of September, 2022.

_____
Honorable Stephen M. McNamee
Senior United States District Judge